Anthony R. MARTIN–TRIGONA,
Appellant,

v.

William F. SMITH, et al.

No. 82–1251.

United States Court of Appeals,
District of Columbia Circuit.

Submitted April 26, 1983.

Decided April 27, 1983.

Anthony R. Martin-Trigona, pro se.

Stanley S. Harris, U.S. Atty., with whom Royce C. Lamberth, R. Craig Lawrence, and Nathan Dodell, Asst. U.S. Attys., Washington, D.C., were on brief, for appellees.

Carolyn Sabol, Atty., Bureau of Prisons, Pittsburgh, Pa., was also on brief, for appellees.

Before GINSBURG and SCALIA, Circuit Judges, and VAN PELT,* Senior District Judge for Nebraska.

Opinion PER CURIAM.

PER CURIAM:

Appellant asserts the illegality of conditions to which he was exposed as a "holdover" prisoner in various federal institutions; he seeks to represent a class described in his complaint as encompassing "all federal prisoners in the United States."

■ The conviction pursuant to which appellant was incarcerated in the federal prison system has been reversed, 684 F.2d 485 (7th Cir.1982), and he has been released from prison. The indictment against him was dismissed on January 20, 1983. Appellees have represented to this court that no further proceedings against appellant are contemplated by the United States at this time. While these developments render appellant's individual claims moot, he may nonetheless appeal the denial of class certification. If the district court properly de-

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

nied class certification, however, "[his] claim on the merits must be dismissed as moot." *United States Parole Commission v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980). The issue, therefore, is whether the district court correctly denied class certification.

As the district court held, appellant did not qualify as a representative equipped to proceed on behalf of the large and geographically-dispersed class he described. Moreover, the lawsuit he envisioned, involving both national and local practices at diverse institutions across the country, would exceed the proportions of a class action the district court is competent to govern. Class certification, therefore, was appropriately denied leaving appellant with only his moot individual claims, which must be dismissed. *Id.*